UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD P. ELLISON, JR.,

    Plaintiff,

v.

DENISE BALINSKI, ELLA
BULLY-CUMMINGS, JOHN DOES 1-10,
and the CITY OF DETROIT,

    Defendants.
_____/

Case No. 07-14795
Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 25, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On October 23, 2007, Plaintiff filed this lawsuit against Defendants in the Wayne County Circuit Court, in response to the June 12, 2007 search of his West Bloomfield, Michigan residence and his automobile and the seizure of his property. Defendants are City of Detroit Police Department Officer Denise Balinski, the Department's Chief of Police Ella Bully-Cummings, John Does 1-10 (unknown City of Detroit Police Department officers, employees, officials, agents, or representatives), and the City of Detroit. Plaintiff is suing Officer Balinski and Chief Bully-Cummings in their individual capacities.

In his complaint, Plaintiff alleges the following counts:

> (I) illegal search and seizure in violation of the Fourth and Fourteenth Amendment to the United States Constitution and Article 1, Section 11 of the Michigan Constitution against Officer Balinski, John Does 1-10, and the City of Detroit;
>
> (II) taking of property without due process of law in violation of the Fifth Amendment to the U.S. Constitution and Article 10, Section 2 of the Michigan Constitution against Officer Balinski and John Does 1-10;
>
> (III) tortious interference with a business relationship;
>
> (IV) intentional infliction of emotional distress against Officer Balinski;
>
> (V) defamation and false light against Officer Balinski, John Does 1-10, and the City of Detroit;
>
> (VI) slander against Officer Balinski;
>
> (VII) invasion of privacy and trespass against Officer Balinski and John Does 1-10; and,
>
> (VIII) failure to supervise against Chief Bully-Cummings.

On November 7, 2007, the City of Detroit removed Plaintiff's complaint to this Court pursuant to 28 U.S.C. §§ 1331 and 1441. Presently before the Court is Chief Bully-Cummings "motion for summary judgment," filed November 30, 2007.

In her motion, Chief Bully-Cummings states that she seeks "summary judgment" pursuant to Federal Rules of Civil Procedure 12 and 56. In the brief in support of her motion, however, Chief Bully-Cummings refers only to Rule 12(b)(6) and the standard applicable to such motions. Chief Bully-Cummings relies on no evidence outside Plaintiff's complaint in support of her motion. The Court therefore will construe Chief

2

Bully-Cummings' motion as a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff filed a response to the motion on December 20, 2007. The Court held a motion hearing on January 24, 2008.

I.  **Standard for Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proved, would entitle him to relief. *First Am. Title Co. v. DeVaugh*, 480 F.3d 438, 443 (6th Cir. 2007). "'A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory.'" *Weisbarth v. Geauga Park Dist.*, No. 06-4189, 2007 WL 2403659, at *2 (6th Cir. Aug. 24, 2007) (unpublished opinion) (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997)). Reviewing a motion to dismiss ". . . the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bledsoe v. Community Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombley*, – U.S. – , 127 S. Ct 1955, 1974 (2007)). "Under general pleading standards, the facts alleged in the complaint need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Id.* (quoting *Twombley*, 127 S. Ct. at 1964-65).

II.  **Factual Background**

In September 2006, Officer Balinski received a complaint from Kimberly and Zotis Harris who claimed that an unidentified man came to the house they were renting in Detroit and stated that his aunt, rather than the Harris' landlady, owned the house. When Kimberly and Zotis Harris attempted to question the man, he fled. In response to the Harris' complaint, Officer Balinski initiated an investigation to determine who owned the property.

Officer Balinksi subsequently learned through the Wayne County Register of Deeds that Plaintiff, through a limited liability company, sold the property to the Harris' landlady. In September 2006, after acquiring this information, Officer Balinski delivered or caused to be delivered an undated handwritten note to Plaintiff's residence. The noted stated that Plaintiff "needed to contact the Detroit Police Department" and that "this is a very serious matter."

Plaintiff subsequently contacted Officer Balinski at the phone number contained on the note. During this conversation, Officer Balinski asked Plaintiff a series of questions regarding the Detroit property and Plaintiff informed her that he had sold it over a year earlier. Officer Balinski asked Plaintiff provide her with the paperwork from the sale. Plaintiff indicated that he would try, but that Officer Balinski should be able to obtain the pertinent information from the Register of Deeds. Officer Balinski then began questioning Plaintiff regarding the ownership of his West Bloomfield residence. Officer Balinski contacted Plaintiff at least two additional times, asking for the documents related to the sale of the Detroit property.

4

On June 12, 2007, Officer Balinski applied for and obtained a warrant to search Plaintiff's residence in West Bloomfield and his automobile.[1] On or about the same date, Officer Balinski and unknown officers from the City of Detroit Police Department and the City of West Bloomfield Police Department executed the search warrant. When they arrived at Plaintiff's West Bloomfield residence, no one was home. Nevertheless, the officers entered the home and conducted a search, seizing Plaintiff's personal and business files and records and his computer. While the search was in progress, Plaintiff returned to his residence in his automobile and the officers then searched the automobile and seized Plaintiff's laptop computer.

Plaintiff's computers were returned to him at some later time, although he claims they were no longer operable. Plaintiff also claims that, despite his requests, Defendants have refused to return Plaintiff's business files and records. According to Plaintiff, Officer Balinski has communicated to at least several people that Plaintiff was guilty of mortgage fraud.

---

[1] Plaintiff alleges that the application for the search warrant indicated that the reason for the search was that "[Plaintiff] has refused to cooperate in this investigation." (Compl. ¶ 38.)

## III. Analysis

Chief Bully-Cummings seeks dismissal of Plaintiff's claim against her, contending that Plaintiff fails to aver particularized factual allegations concerning her involvement in the events of which he complains. Citing *Brandon v. Holt*, 469 U.S. 464, 105 S. Ct. 873 (1985), Chief Bully-Cummings also argues that "[i]t is redundant to sue the Chief when the City of Detroit is also named as a defendant." (Def.'s Br. in Supp. of Mot. at 3.) The holding in *Brandon* is not relevant to Plaintiff's action, however, as he is suing Chief Bully-Cummings in her individual capacity, not her official capacity. *See Brandon*, 469 U.S. at 471-72, 105 S. Ct. at 878 (holding that "a judgment against a public servant 'in his official capacity' imposes liability on the entity he represents.") Thus the Court will focus on Chief Bully-Cummings' first argument in support of her motion.

Plaintiff's counsel indicated at the motion hearing that Plaintiff's claim against Chief Bully-Cummings is a state law failure to supervise claim. Plaintiff's counsel further informed the Court and defense counsel that he is not alleging a violation of 42 U.S.C. § 1983 against this defendant (or if he did allege such a claim, he is waiving it). The Court believes that Plaintiff alleges sufficient facts in his complaint to state a failure to supervise (state law) claim against Chief Bully-Cummings.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a)(2). In Count VII of his complaint, entitled "Failure to Supervise," Plaintiff alleges *inter alia* the following against Chief Bully-Cummings:

> 71. At all times relevant to the acts and incidents referred to in this Complaint, Defendant Balinski and Defendant Does were acting under the control of Defendant[] Ella Bull-Cummings, Chief of Police for the City of Detroit Police Department.
>
> 72. Acting under color of law, Defendant Bully-Cummings[] knowingly, recklessly or with deliberate indifference or callous disregard of Plaintiff's rights failed to instruct, supervise, control or discipline, on a continuing basis, Defendant Balinski and Defendant Does in their duties . . .
>
> 73. Defendant Bully-Cummings knew, or had she diligently exercised her duties to instruct, supervise, control and discipline on a continuing bases, should have known, that the wrongs committed by Defendant Balinski and Defendants Does described in this Complaint, were about to be committed.

(Compl. ¶ 72.) The Court concludes that these allegations are sufficient to survive Chief Bully-Cummings' motion to dismiss.

Accordingly,

**IT IS ORDERED**, that Defendant Ella Bully-Cummings' "motion for summary judgment" is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
James C. Cobb, Jr.
Marion R. Jenkins