UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD P. ELLISON, JR.,

    Plaintiff,

v.

DENISE BALINSKI, ELLA
BULLY-CUMMINGS, JOHN DOES 1-10,
and the CITY OF DETROIT,

    Defendants.
_____/

Case No. 07-14795
Honorable Patrick J. Duggan

**OPINION AND ORDER DENYING DEFENDANT DENISE BALINSKI'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(b), MOTION FOR NEW TRIAL PURSUANT TO RULE 50(b), and MOTION FOR JNOV PURSUANT TO RULE 59**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 15, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff filed this lawsuit against Defendants in response to the June 12, 2007 search of his residence and automobile and the seizure of his property. In his Complaint, Plaintiff alleged violations of his Fourth and Fifth Amendment rights under 42 U.S.C. § 1983 (Counts I and II), tortious interference with business relationship (Count III), intentional infliction of emotional distress (Count IV), defamation (Count V), libel and slander (Count VI), invasion of privacy (Count VII), and failure to supervise (Count

VIII). Plaintiff eventually abandoned all of his claims except those against Defendant City of Detroit Police Department Investigator Denise Balinski ("Balinski") alleging a violation of his Fourth Amendment rights and libel and slander. Those claims were tried before a jury beginning April 27, 2009.

On April 30, 2009, the jury reached a verdict in favor of Plaintiff with respect to his Fourth Amendment claim and against Plaintiff with respect to his libel and slander claim. The Court awarded Plaintiff compensatory damages in the amount of $100,000 and no punitive damages. Presently before the Court is Balinski's motions for judgment as a matter of law or in the alternative for new trial under Federal Rule of Civil Procedure 50(b) and for remittitur of the jury verdict or for new trial under Rule 59.

In her motion, Balinski asserts two grounds in support of her requests for relief. First, Balinski maintains that the jury's verdict was contrary to the law and against the weight of the evidence presented at trial because the search of Plaintiff's residence was performed pursuant to a search warrant signed by a state court judge and was supported by probable cause. Second, Balinski argues that the jury's compensatory damages award is against the weight of the evidence.

**Applicable Standard**

Judgment as a matter of law should be granted where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). In reviewing a motion for judgment as a matter of law, a court must view the evidence in the light most favorable to the non-moving party. *Denhof v. City of Grand*

2

*Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (citation omitted).

Under Federal Rule of Civil Procedure 59(a), a court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "A motion for new trial may be granted if a court determines that the verdict is clearly against the weight of the evidence." *Denhof*, 494 F.3d at 543 (citing *J.C. Wyckoff & Assoc. v. Std. Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991)). When a motion for new trial is based on a claim that the verdict is against the weight of the evidence, the verdict is not to be set aside simply because the court believes that another outcome is more justified. *Id*. (citing *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir. 1981)). "The court is to accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Id*. (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)).

With respect to a request to remit the jury's award, the Sixth Circuit Court of Appeals has held that "a jury verdict should not be remitted by a court 'unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss.'" *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 443 (quoting *Jackson v. City of Cookeville*, 31 F.3d 1354, 1358 (6th Cir. 1994)). The jury's award should not be disturbed unless it is: "(1) beyond the range supportable by proof; or (2) so excessive as to shock the conscience; or (3) the result of a mistake." *Id*. (citing *Bickel v. Korean Air Lines Co.*, 96 F3d 151, 156 (6th Cir. 1996)). Stated differently, a trial court lacks the discretion to remit a verdict unless, after reviewing the evidence in the light most

3

favorable to the non-moving party, "it is convinced that the verdict is clearly excessive, resulted from passion, bias or prejudice; or is so excessive or inadequate as to shock the judicial conscience of the court." *Id.* (citing *Farber v. Massilon Bd. of Educ.*, 917 F.2d 1391 (6th Cir. 1990)).

## Analysis

"Probable cause for a search warrant exists if 'the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched.'" *Mays v. City of Dayton*, 134 F.3d 809, 814 (6th Cir. 1998) (quoting *Greene v. Reeves*, 80 F.3d 1101, 1006 (6th Cir. 1996)).  As discussed below, viewing the evidence presented at trial in Plaintiff's favor, the jury reasonably could have concluded that Balinski had no basis to believe that fraud or any other crime had occurred or that evidence of a crime would be found at Plaintiff's residence.

Balinski nevertheless argues that the jury should not have been found her liable to Plaintiff because she relied on a judicially-secured warrant.  The Sixth Circuit Court of Appeals has provided the following with respect to whether an officer is entitled to rely on a judicially-secured search warrant for immunity in a § 1983 action:

> Although officers are entitled to rely on a judicially-secured warrant for immunity in a Section 1983 action claiming illegal search, if the warrant is so lacking in indicia of probable cause that official belief in the existence of probable cause is unreasonable, qualified immunity is not appropriate.

*Mills v. City of Barbourville*, 389 F.3d 568, 577 (6th Cir. 2004) (citing *Malley v. Briggs*,

475 U.S. 335, 344-45, 106 S. Ct. 1092, 1097-98 (1986)).  The *Mills* court provided further:

> Under an "objective reasonableness" test, the officers "will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized."

*Id*. (quoting *Malley*, at 341, 106 S. Ct. at 1096).  For the reasons that follow, the jury also could have found that no reasonably competent officer, armed with Balinski's knowledge, would have concluded that a warrant for the search of Plaintiff's residence should issue.

In her affidavit in support of the search warrant, Balinski did not identify what crime she believed had been committed (or by whom), although she did indicate that she was investigating the Harrises' "fraud complaint."  At trial, Balinski testified that she suspected "mortgage fraud."  However, most of her affidavit in support of the search warrant relates information relevant to whether Asia Thomas owned the property rented by the Harrises– referred to as the Grandville property.  The only information in Balinski's affidavit arguably relevant to mortgage fraud is that recordings in the Wayne County Register of Deeds reflected that Plaintiff sold the Grandville property and another property referred to as the St. Louis property to Ms. Thomas for $90,000 each, after purchasing each property for $1.

When asked during her deposition and at trial to explain what information led her to suspect mortgage fraud, Balinski only could identify the above information and her knowledge that mortgage fraud had become prevalent in the Detroit area where both

5

properties are located. Balinski admitted, however, that she had no evidence when she applied for the warrant– nor even to this date– that there are any loans or mortgages connected with the Grandville or St. Louis properties. Moreover, Balinski never has explained why evidence related to a mortgage secured by Thomas could be expected to be found at the location to be searched– i.e. Plaintiff's residence. Any mortgage obtained in connection with Thomas' purchase of the Grandville or St. Louis properties from Plaintiff would have been given by Thomas. As Balinski correctly points out, "'search warrants are directed, not at persons, but at property where there is probable cause to believe that instrumentalities or evidence of crime will be found.'" (Def.'s Mot. at 15 (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 98 S. Ct. 1970 (1978).)

For these reasons, the Court concludes that there was a legally sufficient evidentiary basis for the jury to find in favor of Plaintiff on his Fourth Amendment claim against Balinski. The Court therefore denies Balinski's request for judgment as a matter of law or a new trial.

The Court also finds no basis for remitting the jury's compensatory damages award. Plaintiff testified at trial that, as a result of Balinski's actions, he lost the use of his computers and business documents for months, his computers were damaged when they were returned to him, and he had to expend $500 to repair the computers. Plaintiff further testified that he suffered embarrassment and humiliation as a result of the execution of the search warrant by a number of Detroit and West Bloomfield police officers, particularly because the search was conducted in the middle of the day and he

was forced to stand on his driveway, surrounded by police officers, as his neighbors passed by. Also, the jury reasonably could have concluded that Plaintiff's relationship with his wife had deteriorated and that they separated as a result of the search. In light of Plaintiff's testimony, the Court is not convinced that the award is "clearly excessive" or that it resulted from "passion, bias or prejudice."

## Conclusion

Based on the above, the Court concludes that the jury's verdict should stand. Accordingly,

**IT IS ORDERED**, that Defendant's motions pursuant to Federal Rules of Civil Procedure 50 and 59 are **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
James C. Cobb, Jr.
Edward V. Keelean