UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD P. ELLISON, JR.,

      Plaintiff,

v.

DENISE BALINSKI, ELLA
BULLY-CUMMINGS, JOHN DOES 1-10,
and the CITY OF DETROIT,

      Defendants.
_____/

Case No. 07-14795
Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 15, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff filed this lawsuit against Defendants in response to the June 12, 2007 search of his residence and automobile and the seizure of his property. In his Complaint, Plaintiff alleged eight claims against Defendants. Only two of those claims proceeded to trial against one defendant: a claim under 42 U.S.C. § 1983 alleging a violation of Plaintiff's Fourth Amendment rights and a libel and slander claim, both against Defendant City of Detroit Police Department Investigator Denise Balinski ("Balinski"). The jury found in favor of Plaintiff with respect to his § 1983, only, and awarded him compensatory damages in the amount of $100,000. On May 28, 2009, Plaintiff filed a

motion for attorney's fees pursuant to 42 U.S.C. § 1988. The motion has been fully briefed.

In his motion, Plaintiff seeks attorney's fees totaling $155,310. This amount reflects 517.70 hours of work at $300 per hour. Plaintiff's counsel, James C. Cobb, Jr., indicates that from his billing record attached to Plaintiff's motion (*see* Ex. A), he already excluded the following time from his total hours: (1) half of the time he expended to draft the complaint from 10/18-10/23/07, because the complaint involved claims other than the illegal search claim on which Plaintiff prevailed at trial; (2) research conducted on 8/2/07 with respect to Plaintiff's failure to train claim; and (3) discovery on 3/6/08 related to Defendant Ella Bully-Cummings. Mr. Cobb further indicates that he spent little time researching issues other than Plaintiff's Fourth Amendment claim and, in any event, did not include that time in his billing.

In response to Plaintiff's motion, Defendants do not dispute that Plaintiff is entitled to an attorney's fee award; they only challenge the amount Plaintiff seeks. Defendants contend that $200 and not $300 per hour is a reasonable rate in light of the size of Mr. Cobb's firm and his years in practice. Defendants further contend that the hours billed are excessive as they include time expended on two other cases and claims on which Plaintiff did not prevail at trial. Defendants specifically identify two billing entries that they believe should not be included in Plaintiff's award: entries on 7/30/07 and 8/31/07. Finally, Defendants argue that the Court should award Plaintiff only 12.5% to 33% of the fee award that he seeks because he prevailed on only a fraction of the

claims presented and against only one of several defendants named in his complaint.

The starting point for calculating a reasonable attorney's fees award "should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct 1933, 1939 (1983)). With respect to an hourly rate for Plaintiff's counsel, this Court agrees with Defendants that $200 and not $300 is a reasonable rate. Mr. Cobb is a solo practitioner, who has practiced law for 36 years and maintains his office in Detroit. According to the State Bar of Michigan 2007 *Economics of Law Practice in Michigan* (Defs.' Resp. Ex. A), the average hourly rate for similar attorneys is $200. There are no factors supporting a higher hourly rate in this case. There was nothing complex about the issues raised in this matter.

With respect to the hours expended on this matter, Defendants only object specifically to two billing entries by Mr. Cobb. The Court believes that Mr. Cobb has provided an explanation as how the time spent in these entries aided Plaintiff in pursuing his Fourth Amendment claim against Balinski such that this time should not be excluded from Plaintiff's fee award. (*See* Pl.'s Reply at 4-5.) The Court has identified other entries, however, where Mr. Cobb has billed for research related to other cases or claims on which Plaintiff did not prevail: (1) 7/25/07 entry for 3.3 hours of work related to "computer retrieval" and research regarding Plaintiff's intentional infliction of emotional

3

distress claim[1]; (2) 8/31/07 entry for .5 hours of work related to research regarding Plaintiff's tortious interference claim; and (3) entries between 9/28 and 10/18/07 totaling 1.5 hours for work related to the retrieval of Plaintiff's computers.  (Pl.'s Mot. Ex. A.) The Court will not deduct any additional time from Mr. Cobb's billing absent specific objections by Defendants.  *See Former Employees of BMC Software, Inc. v. U.S. Sec'y of Labor*, 519 F. Supp. 2d 1291, 1326 n.51 (Ct. Int'l Trade 2007) ("It is, in general, inappropriate for [the party objecting to a fee request] to merely cite 'examples,' and effectively delegate to the Court the work of analyzing all billing entries line-by-line in an effort to identify other entries that [the party] might find similarly objectionable.") Thus the Court finds that Plaintiff is entitled to a fee award based on 512.40 hours.[2]

Defendants argue that Plaintiff is entitled to only a fraction of the fee award requested because he only prevailed on a fraction of the claims alleged and defendants named in his complaint.  Although Plaintiff alleged numerous claims against several defendants, the focus of Plaintiff's litigation efforts has been his Fourth Amendment unlawful search claim against Balinski.  Notably, of the three summary judgment motions filed in this case, two involved Plaintiff's Fourth Amendment claim against Balinski

---

[1] Plaintiff repeatedly states in his pleadings that he pursued his intentional infliction of emotional distress claim at trial and that this claim is closely related to his Fourth Amendment unlawful search claim.  Plaintiff, however, did not try the former claim.  Instead, he tried his libel and slander claim along with his Fourth Amendment claim.

[2] This total represents 493.4 hours from the beginning of the case through trial (i.e. Mr. Cobb's billing attached as Exhibit A to Plaintiff's motion minus the hours he concedes and that the Court has found should not be included), 13 hours answering Balinski's motion for judgment as a matter of law, and 6 hours preparing the motion for attorney's fees.  (*See* Pl.'s Mot. at 7.)

(Docs. 19 and 30). While the third addressed Plaintiff's failure to train claim against Defendant Ella Bully-Cummings, Mr. Cobb already deducted the hours related to Bully-Cummings from his billing. The Court therefore will not grant Defendants' request to award Plaintiff a fraction of the lodestar amount.

Based on the above, the Court concludes that Plaintiff is entitled to an attorney's fee award pursuant to 42 U.S.C. § 1988 in the amount of $102,480 (representing 512.40 hours at an hourly rate of $200).

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for attorney's fees is **GRANTED IN PART AND DENIED IN PART** in that Plaintiff is awarded attorney's fees in the amount of $102,480.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
James C. Cobb, Jr.
Edward V. Keelean